And we will hear argument next in Kessee v. Mendoza-Powers. Counsel, you may proceed. May it please the court, Deputy Attorney General Rama Malin on behalf of the respondent appellant, the warden in this case, Mendoza-Powers. I would like to reserve two minutes for rebuttal. You may do so. Just watch the clock. Since the filing of respondent's reply brief, this court is undoubtedly aware that Butler v. Curry has become final. And with that being the case, respondent is no longer asserting the Teague argument that we did in our opening brief. However, that doesn't change the result from our perspective. In this case, petitioner's claim can be denied on the fact that the state courts did not unreasonably apply prior Supreme Court precedent. In particular, that would be Almendarez-Torres in this case, and also the fact that any of the four aggravating circumstances would have been, or any of those findings, in the sense that they violated Cunningham, any error was harmless. I'll address the first point, which is the state court's reasonable application of prior Supreme Court precedent as it relates to this court's decision in Butler v. Curry. Butler v. Curry recognized that the prior conviction exception still contains, or still has, validity. And as the trial court found in this case, there was two sentencing factors related to prior convictions. One of them was defendant's prior performance on probation, which was the factor that the court in Butler found did not comply with the Sixth Amendment requirement. However, as we pointed out in our briefs, other courts have found that. Well, we don't have to go that far, even, because the big distinction between this and Butler, it seems to me, is the presence in the record here of probation reports that show that on two occasions, the petitioner was convicted of a crime while on probation. So there seems, in Butler, you couldn't tell. None of this was in the record. Here, it seems to be. So that's correct. The probation report was in front of the trial court when it decided the petitioner's sentence, and it's been submitted to the district court and to this court as part of the excerpts of record. And the probation report clearly shows that the petitioner had two prior convictions, or that, excuse me, two of his prior probation terms were revoked. Would we be able to reverse on that basis alone, and then without going, for example, to the other option of the increasingly serious issue? If I'm understanding the court's question correctly, reversing means that reversing the district court's order. Yes. Exactly. Yes. Yes. Yes. In other words, this, I should have put it a little different way, there are two elements that are before us. One is the conduct during probation, and as Judge Graber points out, that's in the record. That's correct. The other is the increasing seriousness of the crimes, and that is not. Or would you argue that is also something that we could look at? I would argue that's something that this court could also look at, because I think what has to be factored in there is that the defendant specifically admitted a prior conviction, which was forgery. And that admission of the prior conviction is exactly the type of other fact that the Apprendi line of cases state does not violate the Sixth Amendment. I think Judge O'Scannon might be asking a slightly different question. The question of the fact of the prior convictions is covered by the cases you've just talked about. There's a judgment call, though, as to whether if you have more than one prior conviction, the crimes got more serious, less serious, alternated, or were all the same. And unless they're all identical in terms of what the conviction is, why isn't that sort of an extra fact or a judgment call about the convictions that's different from the fact of the convictions? I would argue, and I was leading up to that, I'm sorry I was taking a long route, but what I was trying to state was that the judge simply, as we argue in our briefs, can look at the fact that the defendant had these prior convictions, which are spelled out in the probation report, and can look to see if they're increasing or decreasing in seriousness based on this. Who says that? I mean, what does that mean, increasing seriousness? Well, I would argue that increasing seriousness would go to the sentence of the crime, to whether the crime involves violence or not. But those type of things, I don't believe, are the qualitative assessments that this court talked about in Butler v. Curry, where the judge has to make additional findings beyond what's inherent in the crimes. Well, suppose two crimes are different, but they both carry a maximum of five years. Are they necessarily the same? Can you say one is more serious? It just seems to me there's an assessment that's different about that than just saying, here are the five. In the court's side-by-side comparison there, you may not be able to make the assessment. However, in this case, in the defendant's record, his criminal record was increasing in seriousness. I mean, it started out, I think, with Mr. Mead. Yeah, but here's the problem. It's the judgment call aspect. With Booker and Apprendi, now, the jury has to do a lot of this that the judge was formerly allowed to do on his own. So what is there in the record that would allow the same kind of analysis of just what the facts are? There's more than looking at facts here. Well, as the way the court has framed it, I mean, I would just have to slightly disagree with it in this case. Because, yes, you're looking at facts, but the prior convictions were spelled out in the probation report for the judge to look at. The judge is looking at a bare document spelling out the prior convictions. However, the judge can make a determination, because these judges do criminal trials all the time, whether the crimes are less serious or more serious. I don't think that's the same type of qualitative assessment as was discussed in Butler v. Curry. If I could add one more point, assuming that this court disagrees with that factor, the increasing or decreasing seriousness of the crime, the United States Supreme Court has not ruled that that type of assessment of prior convictions violates the Apprendi line of cases. And under the deference accorded to state court decisions under 2254, that would not afford petitioner a basis for habeas relief. In other words, you can't read Booker and Apprendi as taking that away from the judge? Well, going to Apprendi, Apprendi stated that the whole thing, I believe, was any fact other than a prior conviction. And what I would argue is that that judge's determination of a prior increasing seriousness falls within that, falls within the prior conviction exception, as stated in Almendarez-Torres. I'm coming down to 2254. We understand your argument. Do you want to reserve?  Thank you. We'll hear from the government. We'll hear from the government. We'll hear from the appellee. May it please the court, Joanna Scavone on behalf of petitioner appellee Harold Cassie. Under clearly established Supreme Court law, the fact of a prior conviction exception under Almendarez-Torres is a very narrow exception to Apprendi's bright line rule that any fact increasing the sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt and not by a sentencing judge by a preponderance of the evidence. The narrow fact of a prior conviction exception does not allow for qualitative evaluations relating to a defendant's prior convictions. He also sentencing. We essentially held in your favor on that point with respect to the status of being on probation in Butler. But other courts have disagreed with our interpretation of how broad or narrow that exception is. And there are other courts besides California's that have agreed with the decision that was made by the state court here. How can we say that that's an unreasonable interpretation? Thank you, Judge Graber. Specifically, in this case, what's interesting is that People v. Town, which was decided just after Butler, while recognizing that the unsatisfactory performance on probation finding could be supported merely by looking at prior convictions, that's not what happened in this case. And People v. Town actually recognized that where the unsatisfactory performance finding was based on a revocation of probation, not on a prior conviction, but a revocation of probation, which is what it was based on in this case by the sentencing court, that that falls outside the Amandaris-Torres prior conviction exception because it relies on an underlying proceeding, that being either a probation or parole revocation proceeding, which is not accompanied by the same Six Amendment guarantees. Well, I have a question about your reading of what happened here or how we should interpret it. It's clear from the record, as I understand it, that at least two of the convictions of your client occurred for crimes that were committed while he was on probation. And it seems to me that that is, by definition, an unsatisfactory performance on probation is to commit another crime, whether or not you get revoked. So why wouldn't that constitute harmless error? It's clear that he didn't perform properly on probation at least twice, and that was the reasoning of the court. Well, Your Honor, I wouldn't agree with the assertion at the outset because the government actually has the burden to submit documents proving up those prior convictions or the revocation. And in all of the cases cited by the state and other discussion, that is proven by abstracts of judgment, statements of conviction, or other documents that would be permissible within the Sheppard analysis. And here, it's nearly a probation officer's report, which is not subject to the Sheppard analysis. But your client did not object to the probation report at the state sentencing. He didn't specifically object to it, but he was also not asked to agree to any of the findings. In the same way that the sentencing judge went through a litany at supplemental excerpts of record 108 through 111, the litany of guarantees and questions to my client about whether or not he admitted the forgery charge and the potential implications of that. And the sentencing judge did not, in fact, ask Mr. Cassie to admit or concede to any of the facts in the probation officer's report. And in addition, the California Supreme Court in- Did you have an opportunity to object? Well, Your Honor, I was not counsel in those proceedings below, but- Did your prior counsel have an opportunity to object? He did, but as this court held in Lopez-Montanez, simply the failure to object to a, in that case, it was a pre-sentence report, is not enough. And that's actually at 421F3rd at 932. And the failure to object to findings in a pre-sentence report is not enough, where the trial court did not then make explicit findings based thereon. And the sentencing court in this case did not make explicit findings as to the validity of each of those convictions. And in fact, the probation officer's report, looking at the record, I can't tell which convictions are, for some of the offenses, which convictions are in fact in the record. For example, with respect to the 2001 federal charges, the probation officer's report acknowledges that the dispositions or counts of conviction are not clear. And it could have been a conspiracy charge, it could have been a drug charge or a gun charge. And we would submit that there's a lack of clarity emanating from the probation officer's report. And that under this court's precedent in Ramirez, the government had the obligation to submit documents demonstrating what those prior convictions were. And they didn't submit the kind of documents, abstract of judgment, statements of conviction, or any other kind of documents with constitutional guarantees of reliability that the court could draw from those prior convictions. So there's an evidentiary problem. Have any of those convictions been placed in doubt in any filings subsequent? Well, as we noted in the red brief, my client actually does dispute the accuracy of certain of those convictions. And I understand from communications that he would contest the accuracy of certain of those. Now, I understand that before this court, I'm not here to re-litigate those facts. But I think that there's a reason that this court has precedent saying that a pre-sentence report or a probation officer's report on its own without other supporting documents, certified records like abstracts of judgment or other reliable documents, that a probation officer's report by itself, which was actually prepared before the trial in this case, it wasn't even a post-trial report, that that is not sufficient to meet the government's burden to prove those prior convictions. So here, the sentencing court, we submit unreasonably relied on two factors, both the increasing seriousness factor and the prior revocation of parole factor. Under clearly established federal law, both of those aggravating facts fall outside the prior conviction exception. Where is it clearly established in Supreme Court precedent? That's, I think, what I'm most troubled by in your argument. Obviously, we've held in your favor in Butler, in this circuit, but other circuits have a different view. So it seems to me, and the Supreme Court has not weighed in as between those interpretations. Is this a very narrow exception or is it, does it have a little bit of extra room on the edges? Well, Your Honor, I submit that the Supreme Court has weighed in as to what the exception is, even if it hasn't- What case and in what way? In Appendi, in continuing to recognize the Amontares-Torres prior conviction exception, the U.S. Supreme Court held or recognized that the prior conviction exception is at best an exceptional departure from historical practices regarding facts that may be considered. It doesn't define what it is, and other circuits besides ours have said that it's everything related to the conviction. Why isn't that a reasonable interpretation, too? Well, Your Honor, to add on to the point I was making, and then I'll answer your question, also in the Shepard case, the plurality opinion recognized that Appendi does not allow judicial fact finding of a disputed fact about a prior conviction. And we submit that coupling that with the statement about how narrow the exception is and that it does not permit in Shepard findings about a prior conviction, that that is clearly established Supreme Court law about what the exception is, even if the U.S. Supreme Court has not, as Mr. Moline suggested, clearly defined what the exception is not. So to answer your question, however, on the unsatisfactory performance of probation finding, other circuits, and I have not seen any cases cited that actually permit a finding on that issue, circuits, the Second Circuit, I think the Tenth Circuit, and some others disagree on that the finding that a defendant was on probation at the time of the sentencing would be permissible within the Almandara's Torah's exception, but in unsatisfactory performance finding, I'm not aware of other cases. Well, it would seem that commission of a crime while on probation is certainly a form of unsatisfactory performance, although there are others. So if it were clear, and I understand you don't think it is, but if it were clear that a person had committed a crime while on probation, wouldn't that support a finding that the person had not performed well on probation? I think I would agree with Your Honor's point, and that was the holding in People v. Town of the California Supreme Court, though it was subsequent to sentencing in this case. But as applied in this case, the unsatisfactory performance on probation finding was actually based on the sentencing court's view that a prior probation had been revoked, and that's the kind of finding that, in addition, the sentencing court didn't make the necessary findings that any constitutional procedural due process accompanied any underlying probation revocation proceeding. And that is clearly established Supreme Court law that requires that the procedural due process accompany any revocation proceeding. And under this court's law in Ramirez, which was prior to sentencing in this case, that applies directly to Mr. Kassi's case. So I hope I answered Your Honor's question. I understand your answer. Thank you, Counselor. Your time has expired. Mr. Milley, you have some reserved time. Thank you. Just a few quick points. Although the court has stated that the prior conviction exception is narrow, that, as this court has indicated, has never been the contours of that prior conviction exception, has not been subsequently defined by the United States Supreme Court since Almendarez-Torres, but this court's own precedent in United States v. Teague stated that, although the prior conviction exception is narrow, that the narrowing of that exception was not sufficient to grant relief when its own narrow interpretation of the prior conviction exception conflicts with the broader interpretation of other courts. And as we pointed out in our briefs there are other courts, specifically the Second, Eighth, and Tenth Circuit, which do have a broader interpretation of the prior conviction exception. Also, in this case, the trial court specifically found that Petitioner wasn't in violation of his probation when he committed the crimes in this case. So that was a finding that the trial court made relying on the probation report in part, which counsel- he was in violation. Did he make specific findings with respect to, there were two occasions, right? Yes, there was two prior occasions, and I'm not sure at this point, but there was, for this case, the crimes for what Petitioner was convicted in this case, he was found to be in violation of a probation case, I believe, out of Lancaster, and that's in the excerpts of record, the supplemental excerpts of record at 120, which details the sentencing hearing. One of the two or both? The court found one of those two for sure. I believe that the both refers to the findings in the probation report, and that comes to my third point. So then your response to Ms. Schiavone's argument is that yes, indeed, he did make a finding with respect to at least one of those. Yes, Judge Bigelow did make a specific finding, yes. And counsel refers to the probation report as merely a probation report. Well, that probation report is statutorily required by California law to be prepared for defendants eligible for probation, and it does qualify as an official record under California law. No other court in California has held otherwise. In fact, the holdings find a probation report to be a qualified official record. Thank you, counsel. Your time has expired. Thank you. The case just argued will be submitted for decision.
judges: Fisher, Paez, Noonan